**RECORD NO. 20-1055**
**(2:18-CV-0056-AWA-RJK)**

IN THE

# United States Court of Appeals

**FOR THE FOURTH CIRCUIT**

**Dwight Nichols,**
*Plaintiff – Appellant*

**v.**

**Nationstar Mortgage LLC d/b/a Mr. Cooper; U.S. Bank N.A.; The Bank of New York Mellon Trust Company, N.A., not in its individual capacity but solely as trustee on behalf of the FDIC 2013-R2 Asset Trust,**
*Defendants – Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

# INFORMAL RESPONSE BRIEF OF APPELLEES

James L. Windsor (VSB No. 25155)
E-mail:  jlwindsor@kaufcan.com
Lisa Hudson Kim (VSB. No. 45484)
E-mail: lhkim@kaufcan.com
Kaufman & Canoles, P.C.
2101 Parks Avenue, Suite 700
Virginia Beach, Virginia 23451
Telephone: (757) 491-4000
Facsimile: (888) 360-9092

D. Kyle Deak (VSB No. 65391)
Troutman Sanders LLP
305 Church at North Hills Street, Suite 1200
Raleigh, North Carolina 27609
Phone: (919) 835-4133
Facsimile: (919) 829-8725
E-mail: kyle.deak@toutman.com

*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper and Co-Counsel for The Bank of New York Mellon Trust Company, N.A., not in its individual*

Benjamin A. Wills (VSB No. 88109)
E-mail:  bawills@kaufcan.com
Kaufman & Canoles, P.C.

1

1021 E. Cary Street, Suite 1400
Richmond, Virginia 23219
Telephone: (804) 771-5700
Facsimile: (888) 360-9092

*Co-Counsel for The Bank of New York
Mellon Trust Company, N.A., not in its
individual capacity but solely as
trustee on behalf of the FDIC 2013-R2
Asset Trust*

*capacity but solely as trustee on behalf
of the FDIC 2013-R2 Asset Trust*

2

Appellees Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and The Bank of New York Mellon Trust Company, N.A., not in its individual capacity but solely as trustee on behalf of the FDIC 2013-R2 Asset Trust[1] ("BONYM Trustee," together with Nationstar, "Appellees"), by counsel, submit their Informal Response Brief.

## I.     <u>INTRODUCTION</u>

Appellant, Dwight Nichols ("Appellant" or "Borrower") has filed multiple lawsuits in an effort to stall, if not stop, a foreclosure sale of rental property located at 1508 Crystal Lake Drive, Portsmouth, Virginia 23701 (the "Property"). Appellant steadfastly refuses to accept that the holder of the loan is entitled to foreclose based on Appellant's default and continues to try to litigate the entire loan history from inception of the loan through servicing and to the present. In his brief, Appellant repeats the same speculative and conclusory allegations that fail to meet even the liberal pleading standard afforded to a *pro se* plaintiff. The instant appeal is a rehash of unsupported claims asserting fraud and standing arguments, which have no factual basis for consideration, much less grounds for this Court to overturn the District Court's *Dismissal Order* entered on January 3, 2020. Indeed, rather than pointing this Court on appeal, as required, to alleged errors in the District Court's decision or

---

[1] BONYM Trustee is named solely in its capacity as trustee on behalf of the FDIC 2013-R2 Asset Trust, not in its individual capacity.

3

any evidence that would support a claim for relief that the District Court overlooked, failed to consider, or improperly excluded, Appellant reasserts the same bald and conclusory claims, many of which arise out of the closing of the Loan which occurred back in 2006 and are now long ago time-barred by the applicable statute of limitations.

Appellant wholly fails to articulate why the decision of the District Court was in error and instead merely regurgitates the same dismissed arguments he has made prior. While it is clear that Appellant disagrees with the District Court, he has not provided any reason to reverse the District Court's decision. Consequently, the appeal should be denied and dismissed.

## II.     <u>ARGUMENT</u>

### A.     Standard of review.

This Court conducts a *de novo* review of a district court's ruling on a motion to dismiss. *See Novell, Inc. v. Microsoft Corp.*, 505 F.3d 302, 307 (4th Cir. 2007). When considering a motion to dismiss, the Court should accept as true all well-pleaded factual allegations and should view the Complaint in a light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). The Court, however, "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs.*

*Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Edwards v. Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

It is well established that a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If this Court's review of the Complaint does not reveal "enough facts to state a claim to relief that is plausible on its face," the district court's dismissal of the Complaint must be affirmed. *Jones v. Fulton Bank*, *N.A.*, 565 F. App'x 251, 252 (4th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570).

A.   **Appellant's Challenge to Removal is Untimely and Completely Baseless.**

Appellant seeks to challenge the dismissal of the Second Amended Complaint based on the theory that Appellee, Nationstar's removal to federal court was improper. Not only is this argument without merit, but it is also untimely.

Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on a failure to satisfy proper removal procedure "must be made within 30 days *after the filing* of the notice of removal under section 1446(a)" (emphasis added). On May 15, 2018, Nationstar removed the action to this Court and all Defendants moved to dismiss the case. Appellant filed a Motion to Remand (ECF No. 29) on July 16, 2018, which Appellees opposed. In its March 4, 2019 Order, the District Court denied the Motion to Remand as moot. The Second Amended Complaint demonstrates that Appellant

5

abandoned any argument for remand, as he asserted claims only against diverse entity Appellees, Nationstar and BONYM Trustee. *See* 2d Am. Compl., at 1-2. Appellant admitted in the Second Amended Complaint that this Court has jurisdiction based on the diversity of citizenship and amount in controversy in his Jurisdiction and Venue section. *See id.*, at 3. Appellant's attempt now, on appeal, to re-litigate this issue is moot and without merit.

**B.**    **The Appellant's claims are barred under the applicable statutes of limitations.**

The District Court properly held that Appellant's claims are barred under the applicable statutes of limitations. In his brief, Appellant raises the same claims regarding forgery and asserts that the loan documents are falsified. All of these claims are barred under the applicable statute of limitations.

**1.**    **Appellant's forgery claims are barred under the statute of limitations for fraud.**

Appellant's arguments revolve around the unsupported allegations that someone forged his signature on the Loan Documents. *See* 2d Am. Compl., *passim*. Mr. Nichols seeks damages, declaratory relief that his Loan Documents be declared null and void, and an injunction preventing lawful foreclosure efforts. *See id.,.* at 11. All of these allegations sound in fraud and occurred at the Loan's origination in 2006.

6

Actions for damages resulting from fraud must be brought "within two years after the cause of action accrues." VA. CODE § 8.01-243(A); *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 661 S.E.2d 834 (2008); *Parsch v. Massey*, 72 Va. Cir. 121 (Charlottesville 2006); *Foster v. Wells Fargo Bank, N.A.,* No. 3:14-cv-00017, 2014 U.S. Dist. LEXIS 111806, at *4, 13-15 (W.D. Va. Aug. 13, 2014), *reh'g denied Foster v. Wells Fargo Bank, N.A.*, No. 3:14-cv-00017, 2014 U.S. Dist. LEXIS 141470, at *8 (W.D. Va. Oct. 2, 2014); *U.S. Bank, N.A. v. Clay*, Case No. CL14-1086V-04, 2017 Va. Cir. LEXIS 82 (Newport News Cir. Ct. May 11, 2017); *Jenner v. Dalton*, No. 97097, 1991 WL 834728 (Fairfax Co. Cir. Ct. Jan. 16, 1991). In turn, fraud claims accrue when the injury "is discovered or by the exercise of due diligence reasonably should have been discovered." VA. CODE § 8.01-249(1); *Gilmore v. Basic Indus.*, 233 Va. 485, 488, 357 S.E.2d 514, 517 (1987); *Bear Ridge Developers, LLC v. Cooper*, 78 Va. Cir. 50 (Fairfax Cnty. 2008); *STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990)(defining due diligence to reasonably discover in the context of statute of limitations in action for fraud)(explaining that "[t]he language 'by the exercise of due diligence reasonably should have been discovered,' as used in Code § 8.01-249, means '[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special

7

case.")(internal citations omitted); *Meredith v. Goodwyn*, 219 Va. 1025, 1029, 254 S.E.2d 74, 77 (1979) (applying the laches defense to the borrower's claim related to an alleged forgery and comporting with the line of recent Virginia trial court case decisions holding that parties cannot indefinitely delay filing claims of forgery)[2] The arguments raised on appeal demonstrate that Appellant either (a) had actual knowledge of the purportedly fraudulent conduct immediately after the Loan's origination, or (b) at the very least, should have timely discovered the alleged fraud through the exercise of due diligence.

### a. Appellant had actual knowledge of the purportedly fraudulent conduct immediately after the Loan's origination.

Appellant argues that he could not have discovered the purported fraud due to Appellees' refusal to send him the Loan documents.   This is contrary to the allegations in the Second Amended Complaint wherein Appellant affirmatively plead he discovered the injury attributable to his fraud allegations immediately after

---

[2] In Virginia, forgery constitutes fraud, and is subject to a two-year statute of limitations.  *See Foster v. Wells Fargo Bank, N.C.*, 2014 U.S. Dist. LEXIS 111806, at *13-15 (W.D. Va. Aug. 13, 2014), *reh'g denied Foster v. Wells Fargo Bank, N.A.*, No. 3:14-cv-00017, 2014 U.S. Dist. LEXIS 141470, at *8 (W.D. Va. Oct. 2, 2014)("Plaintiff pleads that the mortgage loans and resulting foreclosure are invalid in part because she did not consent or become a party to the loan transactions. . . . Since forgery is a type of fraud in Virginia, Virginia Code § 8.01-243 applies a two-year statute of limitations to Plaintiff's claims. . . . Plaintiff's amended complaint pleads that she discovered the Cross Road Property secured the 2005, 2006, and 2009 mortgages '[d]uring 2010 and 2011.' Am. Compl. ¶ 17. Even if this Court assumes that Plaintiff's claims accrued on December 31, 2011, the statute of limitations on those claims expired on December 31, 2013."); *Dillard v. Commonwealth*, 32 Va. App. 515, 517, 529 S.E.2d 325, 326 (2000)(quoting *Fitzgerald v. Commonwealth*, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984)); *Barbour v. Barbour*, 155 Va. 650, 653, 156 S.E. 365, 366 (1931); *Kirchner v. McAninley*, 79 Va. Cir. 222 (Fairfax Co. 2009).

the Loan's origination in 2006. First, he alleged that Allied Home Mortgage Corporation originated the Loan on September 13, 2006, despite a hollow claim that Appellant had no knowledge of the Loan. *See* 2d Am. Compl., at ¶¶ 3-6. Appellant admitted that he received funds from the Loan, including "approximately $150,000 into his account" after origination. *See id.,* at ¶ 7. "Shortly afterward, after discovering the partial proceeds in Plaintiff's account," Ms. Harrell began actually contacting the lender to attempt to return the money. *Id.,* at ¶ 11. Appellant claims he and Ms. Harrell were instructed to use the funds to repay the Loan, and then they in fact used the funds to make payments on the Loan. *Id.,* at ¶¶ 11-12. Therefore, Appellant's own allegations make clear that (1) he knew of the Loan's origination based on the receipt of proceeds and immediate calls made to lenders; (2) he received approximately $150,000 in his account in the form of loan proceeds; (3) he and his mother allegedly attempted to return the Loan funds to lenders (evidencing knowledge of their claim that the Loan was purportedly improper); and (4) that he proceeded to make payments on the Loan for a decade using loan proceeds until imminent default forced him to initiate litigation. Only now that he faces the prospect of default and foreclosure does Appellant argue that he did not receive Loan documents pursuant to the mortgage that he benefitted from and ratified or acquiesced to for over ten (10) years previously.

9

Appellant attempts to avoid his obvious knowledge of the Loan and his signature by claiming that he and his mother (who does bookkeeping and management of financial affairs for him pursuant to recitals in the Informal Opening Brief of Appellant) did not realize the signature of Appellant was a forgery until he purportedly first received copies of the Loan Documents in late 2016. *See id.,* at ¶ 17. This argument is nonsensical and wholly contradictory to multiple facts pleaded in the Second Amended Complaint as discussed above. Thus, the Court should summarily reject this argument. Further, in addition to admitting receipt of the Loan funds, Appellant previously alleged that Ms. Harrell, his mother, communicated with the former lender, arguing that the funds should be returned. *See id.*, at ¶ 11. This fact alone is dispositive, as it demonstrates not only knowledge of the Loan way back in 2006, but also of Appellant's knowledge of possible origination claims. Further demonstrating the extent of his prior knowledge of the Loan well before 2016, Appellant also attached as an exhibit to the Second Amended Complaint, a notice from Residential Credit Solutions dated over five (5) years beforehand, in March 17, 2010, providing a handwritten note that inquiries were made to lower the Loan payment to the amount in the notice. (*See id.*, Ex. 4, at 11.) Finally, and perhaps most contradictory to his claims, Appellant also attached a note to the Second Amended Complaint that he apparently signed, specifically stating that he "plan[ned] to invest the money that [he] receive[d] from the refinance of [his]

10

home," which is dated September 7, 2006, only six (6) days before the origination of the Loan and evidences his intent for seeking the loan and his intended use for the loan's proceeds. *See id.,* Ex. 4, at 2. Appellant then proceeded to retain the benefit of the Loan and make payments upon the Loan for a decade. *See id.*, at ¶¶ 11–12. These allegations, when taken in sum, clearly demonstrate that Appellant had actual knowledge that the Loan was originated in his name and thus, that he executed the Loan Documents, contracted for the Loan, received the benefit of the bargain and consideration in terms of the Loan's proceeds, and has a contractual obligation to adhere to the Loan contract by making timely repayment of same or the default provisions of the Loan contract take effect, including foreclosure sale proceedings.

Accordingly, the only conclusion is that Appellant is over a decade too late in attempting to raise these claims in the first instance and appears disingenuous, at least, in so doing or attempting to do. As set forth above, all of his claims accrued almost immediately after the Loan's origination in 2006, and therefore, the two (2) -year statute of limitations under *Virginia Code* § 8.01-243(A) expired long ago in 2008. Thus, the appeal should be denied as untimely, in violation of the statute of limitations, and leaving the Court want for subject matter jurisdiction due to the time bar.

41535061v1

**b. At the very least, Appellant should have previously discovered the alleged fraud through the exercise of reasonable due diligence.**

Even if Appellant did not have actual knowledge of the purported fraud, Appellant's arguments are more than sufficient to demonstrate that by the exercise of due diligence, he reasonably should have discovered the allegedly fraudulent conduct long ago and well before now.

The phrase "by the exercise of due diligence reasonably should have been discovered" means "'[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.'" *STB Marketing Corp. v. Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990) (quoting Black's Law Dictionary, 411 (rev. 5th ed. 1979) (citations omitted)); *Dennis v. Jones*, 240 Va. 12, 19, 393 S.E.2d 390, 393-94 (1990)(citing that "diligence" means "devoted and painstaking application to accomplish an undertaking")(citations omitted). "[I]f a party claiming fraud was given information that would arouse the suspicions of an ordinary person, he is under a duty to investigate and cannot reasonably rely on the representations or silence of the other party." *Jared & Donna Murayama 1997 Trust, et al. v. NISC Holdings, LLC*, 82 Va. Cir. 38, 50 (Fairfax Feb 14, 2011) (citing *Unity Farm Constr., Inc. v. Slabtown L.P.*, 24 Va. Cir. 242, 245–46 (Spotsylvania 1991)), *aff'd* 284 Va. 234, 727 S.E.2d 80 (2012).

41535061v1

In *Bekenstein v. Bank of America, N.A.*, for example, a court found that similar allegations regarding purported fraudulent signatures during loan origination were barred under the two (2)-year statute of limitations for fraud. *See* No. CL16-5005, 2017 Va. Cir. LEXIS 355, at *15–16 (Richmond Sept. 28, 2017), *appeal dismissed, Bekenstein v. Bank of America, N.A.,* No. 180511, 2019 Va. LEXIS *6, 2019 WL 1308168 (Va. Mar. 21, 2019). The *Bekenstein* court noted that the plaintiff there was aware of the purported defect in the loan documents and that "a reasonably prudent person [would have] exercise[d] due diligence and inspect[ed] the validity of the loan." *Id.*, 2017 Va. Cir. LEXIS 355, at *14. The court held that the plaintiff's awareness of the possible forgery was sufficient for the accrual of his claim. *See id.*, 2017 Va. Cir. LEXIS 355, at *15.

Just as in *Bekenstein*, overwhelming facts exist that would "arouse the suspicions of an ordinary person" that Appellant's signature was on the Loan Documents for the reasons set forth above: Appellant received Loan proceeds; Ms. Harrell, his mother and bookkeeper and/or manager of his financial affairs, allegedly contacted the former lender regarding the Loan, and thus, necessarily verified its existence; and then Appellant made Loan payments for a decade further acknowledging, ratifying, and/or acquiescing to the Loan's presence. In addition, while not dispositive on its own, the Deed of Trust was a publicly-recorded document that Appellant easily could have obtained from the public land records at

13

the Circuit Court Clerk's Office and then reviewed, given his other knowledge of the Loan transaction.  Certainly, a reasonable and prudent person would have done this straight forward, readily-accessible, and fundamental due diligence investigation and/or research step under the same circumstances.  Accordingly, Appellant was "under a duty to investigate and cannot reasonably rely on the representations or silence of the other party." *NISC Holdings, LLC*, 82 Va. Cir. at 50 (citing *Unity Farm Constr., Inc.*, 24 Va. Cir. at 245–46).

However, instead of pursuing the Loan's purported forgery or initiating a lawsuit, Appellant chose to retain the benefit of the Loan ($150,000) and make payments for the next ten (10) years before complaining, which is fatal to his current time-barred claims.[3]  Accordingly, despite his feigned ignorance a decade later, Appellant's own arguments demonstrate that he possessed more than enough information to exercise due diligence regarding a possible loan forgery immediately after origination of the Loan and yet, failed to do so.  Thus, Appellant's claims are time-barred and the appeal should be denied.  *See Bekenstein*, 2017 Va. Cir. LEXIS

---

[3] Indeed, in the context of other loans, the Eastern District of Virginia has found that a plaintiff's forgery challenges unpersuasive in light of multiple loan payments made prior to default.  *See Stebbins v. EduCap, Inc.*, No. 1:14-cv-961, 2014 U.S. Dist. LEXIS 176753, at *6 (E.D. Va. Dec. 23, 2014) ("That Plaintiff made payments on his loan prior to defaulting is fatal to his argument that the loan application produced by Defendant was the result of foul play. In all likelihood, Plaintiff's forgery allegations are nothing more than a last-ditch effort to escape his obligations under the loan agreement.").

355, at *15 (noting that the plaintiff's awareness of the possible forgery was sufficient for the accrual of his claim).

**B.**   **The District Court's Finding that Appellant's Claims Failed to State a Claim Under the *Rule* 12(b)(6) Pleading Standard was Proper.**

The District Court found that Appellant's allegations fall short under the *Rule* 12(b)(6) pleadings standard.  Both, *The Federal Rules of Civil Procedure* and well-established Virginia precedent demonstrate that the District Court's holding was proper.

"To establish a fraud claim, [a plaintiff] must show: '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'"  *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Prospect Dev. Co. v. Bershader*, 515 S.E.2d 291, 297 (Va. 1999)).  "A claim for constructive fraud contains the same elements except that 'the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to one relying on it.'"  *Wenzel v. Knight*, No. 3:14-cv-432, 2015 U.S. Dist. LEXIS 70536, at *25 (E.D. Va. June 1, 2015) (quoting *Evaluation Research Corp. v. Alequin*, 439 S.E.2d 387, 390 (Va. 1994)).

In addition, *Federal Rule of Civil Procedure* 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud," including "the time, place,

15

and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (citation and internal quotation marks omitted). Such particularity is required in order to provide defendants with "sufficient information to formulate a defense by putting it on notice of the conduct complained of" and "to protect defendants from frivolous suits." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)). Here, Appellant failed to adequately and particularly state what sort of fraud he is claiming outside of his purported generic and bald forgery claim. Further, Appellant cannot assert any allegation demonstrating that he relied on such forgery, as required, as he and his mother immediately began contacting the lender after the Loan closed and proceeds were disbursed to Appellant. *See id.*, at ¶ 11. To the extent Appellant attempts to bring a fraud claim based on any other conduct, he falls well short of *Rule* 9(b)'s requirements for pleading thresholds.

To the extent Appellant attempts to challenge Appellee's authority to foreclose, such "show-me-the-note" type claims fail as a matter of longstanding and well-established law. Virginia law does not recognize "show-me-the-note" claims in which foreclosing entities must prove to a court their authority or "standing" to foreclose on the property. Virginia state and federal courts have held routinely that

16

show-me-the-note claims are "contrary to Virginia's non-judicial foreclosure laws." *Brown v. HSBC Mortg. Corp.*, No. 1:10-cv-1427, 2011 U.S. Dist. LEXIS 80943, at *5 (E.D. Va. 2011); *Minix v. Wells Fargo Bank, N.A.*, 81 Va. Cir. 130 (Fairfax 2010) (stating that courts should not "be creating a judicial foreclosure procedure when the legislature has mandated a non-judicial procedure to be appropriate"). Instead, Virginia operates under non-judicial foreclosure laws. "Sections 55-59.1 through 55-59.4 [of the Code], which set forth the procedural requirements for a non-judicial foreclosure, do not require an interested party to prove 'standing' in a court of law before initiating the foreclosure process." *Gallant v. Deutsche Bank Nat'l Trust*, 766 F. Supp.2d 714, 721 (W.D. Va. 2011).

Similarly, to the extent Appellant seeks to challenge the assignment of his Loan, he cannot do so because he is not a party to or a beneficiary of these documents. *See, e.g.*, *Wolf v. Fannie Mae*, 830 F. Supp. 2d 153, 161 (W.D. Va. 2011), *aff'd* 512 F. App'x 336 (4th Cir. Feb. 28, 2013); *Morrison v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 449, 454 (E.D. Va. 2014); *Vaughan v. Wells Fargo Bank, N.A.*, No. 6:15-CV-00038, 2016 U.S. Dist. LEXIS 65548, at *7 (W.D. Va. May 18, 2016); *Buzbee v. United States Bank, N.A.*, 84 Va. Cir. 485, 489 (Fairfax Co. 2012). Indeed, the Deed of Trust actually provides that the Loan in full or in part is readily transferable, marketable, "can be sold one or more times without prior notice to

17

Borrower," and that a "sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due." Ex. B ¶ 20.

Therefore, the Court should uphold the District Court's dismissal of Appellant's claims.

## C. Appellant fails to state necessary facts for the issuance of declaratory relief.

As set forth above, Appellant's forgery claims regarding the Loan Documents are barred under the applicable statute of limitations. Even if they were not arguably time-barred, Appellant does not state sufficient facts warranting issuance of a declaratory judgment that the Loan Documents are void. *See* 2d Am. Complt., at ¶ 29. "[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation," and are untimely if the questionable conduct has already occurred or damages have already accrued. *Tapia v. U.S. Bank*, 718 F. Supp. 2d 689, 695–96 (E.D. Va. 2010), *aff'd*, 441 F. App'x 166 (4th Cir. 2011) (quoting *The Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 606 (E.D. Va. 2008)). A court's inquiry should concentrate on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

41535061v1

The allegations cited in the Second Amended Complaint do not form the basis for a "substantial controversy" of "sufficient immediacy and reality to warrant" issuance of a declaratory judgment, as they fail to state a claim and any such claims (assuming the allegations true) are long-ago time-barred under the statute of limitations. A declaratory judgment is forward looking and untimely if the questionable conduct has already occurred or damages have already accrued, such as the case here. *See Tapia*, 718 F. Supp.2d at 695–96. Accordingly, Appellant's appeal should be rejected.

### 5.    Appellant fails to state necessary facts for the issuance of injunctive relief.

Appellant seeks a temporary injunction preventing the foreclosure of the Property. Federal courts have traditionally considered a preliminary injunction to be an extraordinary remedy that should only be granted "if the moving party clearly establishes entitlement to the relief sought." *Hughes Network Sys. v. InterDigital Communications Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). A plaintiff seeking a preliminary injunction must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tip in his favor, and that an injunction is in the public interest." *See The Real Truth about Obama, Inc. v. F.E.C.*, 575 F.3d 342, 345–46 (4th Cir. 2009), *rev'd on other grounds*, 130 S. Ct. 2371 (2010), *reinstated in part on remand,* 607 F.3d 355 (4th Cir. 2010); *Winter v. Natural Res. Def. Council, Inc.*,

555 U.S. 7, 129 S.Ct. 365, 374 (2008). A plaintiff seeking the extraordinary remedy of injunctive relief must make a clear showing that he is likely to succeed on the merits of his claim. *See* Winter, 129 S.Ct. at 376. He must also make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *See id.* at 374-76. Likewise, the plaintiff must show that the balance of the equities tips in his favor. *See id.* at 373-76. Finally, the Court must consider whether an injunction is in the public interest. *See id.* at 374-76. Appellant does not plead any of the requisite four (4) *prima facie* elements for injunctive relief.

As noted above, Appellant has no ability to succeed on the merits, as his forgery/fraud claims are time-barred under the applicable statute of limitations. The foreclosure date stated in the Second Amended Complaint of May 3, 2018 has also long passed, and thus, no viable imminent threat of harm exists. *See* 2d Am. Complt., at ¶ 22. Further, Appellant makes no attempt to demonstrate how his attempt to improperly prevent a foreclosure, without even contesting his default, tips the equities in his favor or would serve the public interest. Therefore, the Court should rule in favor of Appellees and deny the appeal.

## III.    <u>CONCLUSION</u>

For all of the foregoing reasons, the District Court's Judgment as set forth in its *Dismissal Order* entered on January 3, 2020 should be affirmed and this appeal should be denied.

20

Dated: February 27, 2020

Respectfully Submitted,

**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and**

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE FDIC 2013-R2 ASSET TRUST**

By: /s/ D. Kyle Deak

James L. Windsor (VSB No. 25155)
E-mail: jlwindsor@kaufcan.com
Lisa Hudson Kim (VSB No. 45484)
E-mail: lhkim@kaufcan.com
Kaufman & Canoles, P.C.
2101 Parks Avenue, Suite 700
Virginia Beach, Virginia 23451
Telephone: (757) 491-4000
Facsimile: (888) 360-9092

Benjamin A. Wills (VSB No. 88109)
E-mail: bawills@kaufcan.com
Kaufman & Canoles, P.C.
1021 E. Cary Street, Suite 1400
Richmond, Virginia 23219
Telephone: (804) 771-5700
Facsimile: (888) 360-9092

D. Kyle Deak (VSB No. 65391)
Troutman Sanders LLP
305 Church at North Hills Street, Suite 1200
Raleigh, North Carolina 27609
Phone: (919) 835-4133
Facsimile: (919) 829-8725
E-mail: kyle.deak@toutman.com

*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper and Co-Counsel for The Bank of New York Mellon Trust Company, N.A., not in its individual capacity but solely as trustee on behalf of the FDIC 2013-R2 Asset Trust*

*Co-Counsel for The Bank of New York Mellon Trust Company, N.A., not in its individual capacity but solely as trustee on behalf of the FDIC 2013-R2 Asset Trust*

41535061v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February 2020, I electronically filed the foregoing *Informal Response Brief* via the CM/ECF system and served a true and correct copy of the foregoing via United States Mail to the following non-CM/ECF participants at the below addresses:

Dwight Nichols
Mary Nichols Harrell
1508 Crystal Lake Drive
Portsmouth, Virginia 23701

/s/ D. Kyle Deak
D. Kyle Deak (VSB No. 65391)
TROUTMAN SANDERS LLP
305 Church at North Hills St., Suite 1200
Raleigh, NC 27609
Telephone: (919) 835-4133
Facsimile: (919) 829-8725
Email: kyle.deak@troutman.com

41535061v1